IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL H. PHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-2027 |
| | § | |
| RAYMOND JONES, JR., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Pending before the Court is Plaintiff Michael H. Pham's Motion for Summary

Judgment (Instrument No. 20). Having considered the motion, submissions, and

applicable law, the Court determines that the motion should be granted in part and

denied in part.

## BACKGROUND

Plaintiff Michael H. Pham ("Pham") filed the instant action alleging copyright

infringement under federal law and unfair practices and competition under Texas law.

Pham and Defendant Raymond Jones Jr. ("Jones") are both licensed attorneys who

practice criminal defense law. Pham finds prospective clients through Harris County

public arrest records, and mails them a form letter and brochure informing them of their

rights and options as well as of his legal services. Pham alleges he has followed this

method to solicit clients since February 2001 and that he owns copyrights, which he obtained in May 2005, for the letter and brochure.  Pham asserts that in April 2005, Jones began using an almost identical letter and brochure in order to solicit prospective clients and argues such use violates federal copyright law and Texas common law.

Following a June 13, 2005 hearing, this Court issued a temporary restraining order restricting Jones's use of the letter and brochure.  Subsequently, the parties agreed upon a preliminary injunction that forbid Jones from using the letter and brochure.  On September 16, 2005, Pham moved for summary judgment on his claims. Jones did not respond to the motion.

## STANDARD OF REVIEW

Jones's response in opposition was due October 6, 2005, and he failed to respond to the Pham's motion.  Rule 56(e) requires the party against whom a summary judgment motion is made to "set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Absent such a response, a properly supported motion for summary judgment should be granted.  *Eversly v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Failure to respond will be taken as a representation of no opposition.  S.D. TEX. LOCAL R. 7.4.  However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary

judgment motion.  *E.g.*, *John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698,

709 (5th Cir. 1985).  Thus, the Court will determine whether Pham has met his burden

for summary judgment on his both his federal and state claims.

<u>ANALYSIS</u>

Pham asserts that Jones copied his letter and brochure in violation of the

Copyright Act, 17 U.S.C §§ 101 *et seq.* (2000) ("Act").  The Act provides copyright

protection for "original works of authorship fixed in a tangible medium of expression,"

including literary works.  § 102(a)(1); *see La Resolana Architects, PA v. Clay Realtors*

*Angel Fire*, 416 F.3d 1195, 1198 (10th Cir. 2005) (discussing the history of federal

copyright law).  Copyright protection, designed "to promote the Progress of Science

and useful Arts," gives authors the exclusive right to use, publish or sell their work.

*See* U.S. CONST. art. I., § 8, cl. 8.  A copyright is intended to encourage authors to

share their works with the public by giving them protections from unauthorized copying

of their expressions.  *See generally* § 106; *Sony Corp. of Am. v. Universal City*

*Studios*, 464 U.S. 417, 432-34 (1984).

To establish a claim for copyright infringement, the plaintiff must prove (1)

ownership of a valid copyright; and (2) legally actionable copying of original elements

of the work by the defendant.  *See Positive Black Talk, Inc. v. Cash Money Records,*

*Inc.*, 394 F.3d 357, 367 (5th Cir. 2004); *Plains Cotton Coop. Ass'n of Lubbock, Texas*

*v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1260 (5th Cir. 1987); *Miller v. Universal City Studios*, 650 F.2d 1365, 1375 (5th Cir. 1981).  The ownership element of copyright infringement is demonstrated by "proof of originality, copyrightability, and compliance with applicable statutory formalities."[1]  *Apple Barrel Prods., Inc. v. R.D. Beard*, 730 F.2d 384, 387 (5th Cir. 1984).

A.  Copyright Infringement

1.  Copyright ownership

Pham claims copyright ownership with respect to his client solicitation letter and brochure.  In order to obtain a copyright, a person must submit an application, deposit, and fee to the Register of Copyrights.  *See generally* 17 U.S.C. § 408 (2000).  The Register then examines each application to ensure it has been properly completed and that the material is copyrightable.  § 410(a).  Upon the Register's determination that these requirements are met, the applicant's copyright will be registered, and he or she will receive a certificate of registration.  *Id.*  A certificate of registration, if obtained

---

[1]  The Court notes that for copyright ownership and protection, only a minimal level of originality, novelty or creativity is required.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (noting that "even a small amount [of creativity] will suffice").  Further, "a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.  *Id.* (observing that factual compilations may qualify for protection so long as they surpass the low originality threshold); *see also Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 824 (11th Cir. 1982).

within the first five years of the work's publication, constitutes prima facie evidence that the copyright holder retains all rights granted by copyright. *See* § 410(c); *Cabrera v. Teatro Del Sesenta, Inc.*, 914 F. Supp. 743, 745 n. 1 (D. P. R. 1995). Stated differently, a certificate of registration creates a rebuttable presumption of copyright protection, shifting the burden to the defendant to proffer evidence as to why the copyright is invalid. *See Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995); *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 898 F. Supp. 1183, 1187 (N.D. Tex. 1995); *Fin. Control Assocs., Inc. v. Equity Builders, Inc.*, 799 F. Supp. 1103, 1115 (D. Kan. 1992).

In the case at bar, Pham attached a copy of the certificate of registration for the prospective client letter.[2] Consequently, Pham has made a prima facie showing that his letter is "a proper subject for copyright protection, that the statutory formalities of registration have been satisfied, and that [he] is the owner of the copyright." *See Midway Mfg. Co. v. Dirkschneider*, 571 F. Supp. 282, 284 (D. Neb. 1983). Because of the statutory presumption, the burden shifts to Jones to challenge Pham's copyright ownership. *See Cabrera*, 914 F. Supp. at 745 n.1 (referencing several cases about the burden shifting that occurs when a copyright plaintiff obtains a certificate of

---

[2] According to the certificate of registration, the effective date of Pham's copyright for the letter is May 23, 2005. The Court notes Pham received the copyright within five years of the date of the first publication of the letter.

5

registration).  Jones has not challenged the validity of Pham's copyright.  Accordingly,

the Court determines Pham has provided sufficient, uncontroverted evidence that he

owns a copyright in the letter to establish the first element of an infringement claim.

*See Apple Computer, Inc. v. Microsoft Corp.*, 759 F. Supp. 1444, 1454 (N.D. Cal.

1991) (noting that "the presumptive validity of a certificate of registration may be

resolved on summary judgment"); *Childers v. High Soc'y Magazine*, 557 F. Supp. 978,

983 (S.D.N.Y. 1983) (stating the plaintiff's certificate of registration established his

right to summary judgment "unless defendants can put the factual underpinnings of the

copyright in issue").

Pham argues he has presented sufficient evidence to establish a prima facie case

of valid copyright ownership of the brochure.  Though he has not yet received a

certificate of registration, Pham contends he only is required to prove that the Copyright

Office has received his application, a copy of the brochure, and the requisite application

fee before bringing suit for copyright infringement.  He has submitted evidence that the

brochure registration is complete.  Jones has adduced nothing to challenge Pham's

assertions of copyright ownership.  The Court determines that Pham has presented

sufficient, uncontested evidence of valid copyright ownership of his brochure.  *See*

*Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (determining that

plaintiff's submission of the required materials for registration–even before the receipt

of a formal certificate of registration–was sufficient to establish ownership); *Apple*

*Barrel Prods.*, 730 F.2d at 386-87 (same).[3]                2. Copying by Jones

     To establish the second element of copyright infringement, Pham must

demonstrate actionable copying of his work by Jones.  Generally, copying is

demonstrated through proof that "the defendant had access to the copyrighted material

and that there is a 'substantial similarity' between the two works."  *Allied Mktg. Group*

*v. CDL Mktg.*, 878 F.2d 806, 811 (5th Cir. 1989) (citing *Apple Barrel Prods.*, 730 F.2d

at 387 n. 3).  Plaintiffs may prove copying with either direct or circumstantial evidence.

*Brigmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).  Because direct

evidence is often difficult to find, copying may be inferred with circumstantial evidence

if such evidence shows (1) the defendant had access to the copyrighted work and (2)

there is a substantial similarity between the copyrighted work and the alleged copy.

*Id.; see also Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001);

*Plains Cotton*, 807 F.2d at 1260.

     To determine whether the alleged infringer had access to the work, courts

---

[3]  There is a split of authority about whether an author must have received a
certificate of registration before being able to sue for copyright infringement.  *La
Resolana Architects*, *PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-05 (10th Cir.
2005).  However, the law in the Fifth Circuit is clear: An author may sue upon proof that
he or she has submitted the registration application, fee, and the material proposed for
copyright to the Register of Copyrights.  *Id.* at 1203-05.

consider whether he or she "had a reasonable opportunity to view the copyrighted work." *Peel*, 238 F.3d at 394 (noting that speculation, conjecture or "a bare possibility" that the alleged infringer had a reasonable opportunity to view the work is insufficient to show access). In the instant case, Pham has not proffered evidence, either direct or circumstantial, that Jones had access to either the letter or the brochure. Instead, he avers that the Court should infer access because the two letters and brochures are so much alike. Consequently, Pham argues that the similarities between the letters and brochures are sufficient for him to establish actionable copying by Jones and to succeed at the summary judgment stage.

In the Fifth Circuit, even absent evidence of access, a plaintiff may still establish a case of copying if he or she "showed that the two works were not just substantially similar, but were so strikingly similar as to preclude the possibility of independent creation." *Id.* at 395; *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978). Further, when considering whether a copyright infringement plaintiff has surpassed the substantial similarity requirement, courts within the Fifth Circuit must engage a side-by-side comparison between the original and the copy to determine whether there is a substantially similarity between the two works. *Brigmon*, 325 F.3d at 577; *Peel*, 238 F.3d at 395. Consequently, the Court will examine the contents of both Pham's and Jones's letter and brochure line by line to determine whether access

may be inferred and a substantial similarity exists.

a) *The Solicitation Letter*.  Both letters include the attorneys' letterhead information at the top.  Jones's letter next lists the name and address of the prospective client to whom he ostensibly mailed a copy of the letter.  From that point until the letters conclude, all but two of the words on the page are identical.  Both letters substantively begin with a boxed statement informing potential clients their names were obtained from county arrest records.  Next, both lawyers' letters contain the following text:

> LET ME HELP YOU.  You have been arrested and now, you are probably wondering what is going to happen with your case.  The District Attorney's office will prosecute you to the fullest extent of the law.  If convicted, you may be fined and/or imprisoned.

The letters then explain the options available, such as dismissal, a fine or deferred adjudication.  Both letters list those options using all capital letters and bullet points.[4]  They continue with the same statement, "I am an **Experienced** and **Aggressive** lawyer that will **Fight** for your **Freedom**."  The letters conclude with the same prices ranges for felony and misdemeanor crimes along with a statement about

---

[4]  The Court notes that both letters contain the same list of possible options and outcomes to their cases other than jail time.  Also, both contain explain deferred adjudication as "a way to keep you from going to jail and to prevent you from having a criminal conviction on your record."

obtaining a free consultation.  With the exception of Pham charging fees within a certain price range for "most" misdemeanor and felony cases and Jones charging within the same price range for "many" misdemeanors and felonies, the contents of the letters are virtually the same.  The Court determines that it can infer through the letters' "striking similarities" that Jones had access to Pham's letter because "[i]n virtually every detail," his letter is identical to Pham's.  *See Midway Mfg.*, 571 F. Supp. at 285; *see also Testa v. Janssen*, 492 F. Supp. 198, 203 (W. D. Pa. 1984) (noting that such similarities must be "of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source").  Further, "a reasonable observer, comparing the overall appearance of [the letter] could only conclude" that Jones copied Pham's letter.  *Midway Mfg.*, 571 F. Supp. at 285.  As such, the Court concludes that Jones's letter is so substantially similar to Pham's work that Pham has shown actionable copying by Jones.  Consequently, Pham has established a prima facie case of copyright regarding his solicitation letter.  *Id*.

b) *The Brochure*.  Pham's brochure, entitled "What You Should Know About Criminal Law," presents prospective clients with information about arrest and prosecution, including punishment ranges for different offense categories.  It then explains his method of handling each case.  Again, Jones's brochure presents the same information in exactly the same way, including listing the same steps for handling a

case.  The only difference in any of the brochure wording is the title of one section: in

Pham's brochure, the section is labeled "How I Handle All Cases"; in Jones's the same

words follow his title, "How Each Case Is Worked."  Both brochures also contain the

following section:

### WHO IS ON YOUR TEAM

Ever since your arrest, the Police, complainant and District Attorney's office have procured evidence vital to your case.

Contacting me now, you will have an attorney representing your interests and allow us to preserve evidence which is crucial to the proper handling of your case.

I know that this is personally a difficult situation in your life.  Your Freedom and Liberty are at risk.  That is why I have set reasonably fair rates for quality legal representation.[5]

The Court determines that because the two brochures are nearly identical, the

Court can infer that Jones had access to Pham's brochure.  *See Midway Mfg*., 571 F.

Supp. at 285.  Further, there is more than a substantial similarity between the two

letters.  In fact, an overwhelming majority of the contents of Pham's brochure appears

verbatim in Jones's.  *See Fin. Control*, 799 F. Supp. at 1115 (stating "[t]he clearest

example of copying is of course a verbatim usurpation of another's work," which

---

[5]  The Court notes that even the small graphic chosen for this section is the same in both brochures.  However, the scales of justice graphics on the front of the brochures are different.

infringes upon a valid copyright); *Saenger Org. , Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 864 F. Supp. 246, 249 (D. Mass. 1994) (noting that because both sides agreed that much of the language in an original work and an allegedly infringing one were the same, plaintiff was likely to win a copyright suit); *see also Feist*, 499 U.S. at 348 (observing that compilations that "contain absolutely no protectible written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement"). Pham also has established the copying element for the brochure necessary to a prima facie case of copyright infringement. Accordingly, because he has established the required elements for copyright infringement, the Court determines as a matter of law that Jones has infringed upon Pham's copyrights in the letter and brochure.

Pham requests that the Court award him several types of damages, including any profits attributable to the infringement. However, he neither proposes specific amounts for each category he seeks nor presents evidence to demonstrate that there is no genuine issue of material fact regarding the amount of damages, if any, to which he is entitled. Thus, the Court sets for trial the issue of copyright infringement damages.

B.  Unfair Trade Practices and Competition

Pham moves for summary judgment on his state law claims of unfair trade

practices and competition.  However, he presents nothing more than his conclusory allegations that Jones's actions constitute unfair trade practices and competition in violation of Texas law in support of his motion.  Because a conclusory allegation is insufficient to demonstrate that no genuine issue exists for trial, the Court denies his motion for summary judgment on these state law claims.  Accordingly the Court hereby

ORDERS that Pham's Motion for Summary Judgment (Instrument No. 20) is GRANTED IN PART and DENIED IN PART.  Summary judgment is GRANTED as to Pham's copyright infringement claims regarding his letter and brochure. However, because the Court determines genuine issues of material fact exist, the motion is DENIED as to Pham's claims for damages for the infringements.  The Court further ORDERS that summary judgment is DENIED on Pham's state law claims for unfair practices and competition.  The Court further ORDERS all other requested relief not granted herein is DENIED.

SIGNED at Houston, Texas, on this 23rd day of December, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge